PIOVANETTI ET AL., PLAINTIFFS AND APPELLEES, *v.* PAZ ET AL., DEFENDANTS AND APPELLANTS.

### Appeal from the District Court of Ponce in a Mandamus Proceeding.

No. 2173.—Decided June 1, 1920.

MUNICIPAL ASSEMBLIES—VACANCIES.—Section 22 of the Municipal Law should be construed in the sense that the municipal assemblies are obliged to fill such vacancies as may occur in them with persons recommended by the local directing organization of the party which elected the member whose vacancy is to be filled, and they cannot ask that more than one person be recommended for each vacancy, for they have no right to select.

The facts are stated in the opinion.
*Mr. J. Tous Soto* for the appellants.
*Mr. C. del Toro Fernández* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

According to section 22 of Act No. 85 of July 31, 1919, known as the Municipal Law, vacancies in the municipal assemblies shall be filled by the assemblies with eligible persons who are of the same political affiliation as the member causing the vacancy, on the recommendation of the local committee of the party which elected the member whose vacancy is to be filled.

In the municipal assembly of Yauco the position of a member of the minority party, the Unionist party of Porto Rico, became vacant and the local committee of that party in Yauco having recommended Carlos del Toro Fernández for appointment to fill the vacancy, the municipal assembly resolved to ask and did ask the said political committee to

submit the names of three candidates from whom to fill the vacancy, in accordance with a rule adopted for its interior regulation, and ignored the demand made by the other member of the minority for the appointment of the person recommended.

A mandamus proceeding having been instituted to command the members of the majority of the municipal assembly to appoint the person recommended for the said vacancy, the District Court of Ponce entered a peremptory order to that effect after hearing the respondents, who took the present appeal from that order.

The only fundamental question raised by the pleadings is whether the municipal assembly is obliged to appoint for the said vacancy the only person recommended by the local committee of the minority party, or whether it has a right to ask that several candidates be proposed and select one from among them.

The mere statement of the proposition is sufficient to show that the appellants are wrong, for the Municipal Law does not empower them to demand that the minority party should recommend several persons for the purpose of filling a vacancy caused by one of the said minority, but provides that vacancies shall be filled on the recommendation of the committee of the party which elected the member whose vacancy is to be filled. That party is given the privilege of recommending a candidate and, therefore, of selecting the person whom it may deem most suitable; and justly so, for the members of the municipal assembly belonging to the opposite party can not dictate the election of a person to represent therein the minority party, which would be the case if the assembly had the right to ask that more than one person should be proposed.

The only construction that can be given to said section 22 is that the municipal assemblies are obliged to fill such vacancies as may occur in them with persons recommended

by the local committee of the party which elected the member whose vacancy is to be filled, and they have no right to ask that more than one person be recommended for each vacancy, for they have no right to select.

The other questions raised by the appellants are unimportant.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.